UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TIMOTHY M. THOMPSON, JR. & JESSICA PEARSON THOMPSON | CIVIL ACTION |
| VERSUS | NO:   11-541 |
| ABBOTT LABORATORIES, INC. | SECTION: "C" (2) |

ORDER & REASONS

Before the Court is the Motion to Certify Judgment for Immediate Appeal filed by Plaintiffs. (Rec. Doc. 36). Having reviewed the record, memoranda of counsel, and the applicable law, Plaintiffs' Motion is DENIED for the following reasons.

Jessica Pearson Thompson ("Mrs. Thompson") and Timothy Thompson, Jr. (collectively, "Plaintiffs) filed this suit against Abbott Laboratories, Inc. ("Defendant") in March 2011, alleging that Mrs. Thompson's use of a depression medication named Depakote, manufactured by Defendant, caused birth defects to their son Timothy Gabriel Thompson ("Timothy") and caused their second baby to be stillborn. (Rec. Doc. 6). Defendant filed a Motion to Dismiss under Rule 12(b)(6), which the Court granted as to Plaintiffs' claims of loss of consortium, medical expenses, and wrongful death, on grounds that those claims were prescribed and did not fall under any exceptions within which the doctrine of *contra non valentum* applies. (Rec. Doc. 24 at 6; Rec. Doc. 28). Plaintiffs now ask this Court to certify its July 19, 2011 Order for immediate appeal under 28 U.S.C. § 1292(b). (Rec. Doc. 36).

In *Rico v. Flores*, 481 F.3d 234, 238 (5th Cir. 2007), the Fifth Circuit stated that "Title 28 § 1292(b) of the United States Code permits a court to certify an interlocutory appeal where (1) a

controlling question of law is involved, (2) there is substantial ground for difference of opinion about the question of law, and (3) immediate appeal will materially advance the ultimate termination of the litigation." In *U.S. v. Garner*, the Fifth Circuit held that "[t]he purpose of § 1292(b) is to provide for an interlocutory appeal in those exceptional cases" where the three part test is satisfied. *U.S. v. Garner*, 749 F.2d 281, 286 (5th Cir. 1985). A 1292(b) interlocutory appeal is not justified where "none of the questions [of law] is particularly difficult and most appear to be merely fact-review questions." *Clark-Dietz and Associates-Engineers, Inc. v. Basic Const. Co.*, 702 F.2d 67, 69 (5th Cir. 1983). The party seeking the interlocutory appeal bears the burden of establishing that appeal is appropriate. *Complaint of L.L.P.&D.*, 1998 WL 66100, at *1 (E.D. La. 1998).

Plaintiffs have not shown that this Court's July 19, 2011 Order dismissing their loss of consortium, medical expense, and wrongful death claims involves a controlling question of law. *See* 28 U.S.C. § 1292(b). Plaintiffs argue that this Court decided that "the placement of a 'black box warning' is tantamount to constructive knowledge to the Plaintiffs no matter the circumstances of their actual knowledge" as a matter of law. (Rec. Doc. 36-1 at 2). However, they mischaracterize the Court's reasoning and holding.

As this Court stated in its July 19, 2011 Order, *contra non valentum* means 'prescription does not run against a party unable to act. *Hillman v. Akins*, 631 So. 2d 1 (La. 1994). This doctrine applies when a case falls within one of the following four categories:

> (1) Where there is some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action;
> (2) Where there was some condition coupled with a contract or connected with the proceedings which prevented the creditor from suing or acting;
> (3) Where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; and
> (4) Where some cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant.

2

*Marin v. Exxon Mobil Corp.*, 48 So. 3d 234, 245 (La. 2010). The Court found the first two factors inapplicable. (Rec. Doc. 24 at 4). The Court found that Plaintiffs' case did not fall under the third category for not one, but two reasons. First, the Defendant placed a "black box warning" on Depakote, which indicated the risk to fetuses of use by women of childbearing potential. Second, the Court stated: "[a]dditionally, no evidence exists showing that the alleged tortious acts of Defendant overcame the will of Plaintiffs, preventing them from filing suit within the prescriptive period." (Rec. Doc. 24 at 5). It was the combination of these two findings that led to the Court's conclusion that Defendant did not act to prevent Plaintiffs from discovering their cause of action. The Court's conclusion as to one piece of evidence can hardly be characterized as a determination as a matter of law.

As to category four, this Court also found on more than one basis that Plaintiffs' case did not qualify. It held that they failed to establish that they used reasonable diligence upon Timothy's birth in 2000 to determine whether there was a link between Mrs. Thompson's use of Depakote and Timothy's birth defects not just because Depakote had a "black box warning' on it, but also because scientific articles about the risk existed since the mid-1990s. (Rec. Doc. 24 at 6). The two reasons behind the Court's finding demonstrate that the Court did not decide the issue "as a matter of law," without regard to Plaintiffs' actual knowledge. Rather, it did so by applying facts to the law requiring diligence in discovering a cause of action.

Further, Plaintiffs fail to demonstrate that substantial ground for difference of opinion exists in this matter. Such a circumstance occurs where "the circuits are in dispute on the issue and the Court of Appeals of the circuit [encompassing the district court] has not spoken on the point [...] or if novel and difficult questions of first impression are presented." *In re Chinese Manufactured Drywall Prods. Liab. Litig.*, 2011 WL 2443693, at *3 (E.D. La. 2011) (quoting *Ryan v. Flowserve*

3

*Corp.*, 444 F. Supp. 2d 718, 723-724 (N.D. Tex. 2006)).  Yet the "mere fact that a party disagrees with the district court's ruling" or that "settled law might be applied differently" is insufficient to establish that there is substantial ground for difference of opinion.  *In re Chinese-Manufactured Drywall*, 2011 WL at *3. (citations omitted).  Plaintiffs have not pointed to a circuit split or other circumstances showing that substantial ground for difference of opinion exists on this matter.  The Court notes that Plaintiffs' young age at the time the drug was ingested was not alleged in their Complaint or Amended Complaint and thus could not have been considered in the July 19, 2011 Order.  (Rec. Doc. 36-1 at 2 and Rec. Docs. 1, 6).

      Finally, Plaintiffs do not demonstrate that appeal will materially advance the litigation in this case.  They argue that discovery on Timothy's "medical needs should only have to be done once for the parents' claims and the child's," but do not address how more efficient discovery would advance the litigation.  (Rec. Doc. 36-1 at 3).

      Accordingly,

      IT IS ORDERED that Plaintiffs' Motion to Certify Judgment for Immediate Appeal is DENIED.  (Rec. Doc. 36).

      New Orleans, Louisiana, this 31st day of October, 2011.

                                              HELEN G. BERRIGAN
                                              UNITED STATES DISTRICT JUDGE